IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

RICHARD RODRIGUEZ,           §
    Plaintiff,               §
                      §
                      §
v.                           §       Civil Action No. _16-CV-602_
                      §
PEPSI BEVERAGE COMPANY        §
d/b/a PEPSICO, INC.           §
    Defendant                §

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that PEPSICO, INC., Defendant, referred to in error by Plaintiff as Pepsi Beverage Company d/b/a PepsiCo, Inc.,[1] removes this action from the 92nd Judicial District Court for Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division. In support of this removal, Defendant shows the following:

1. Defendant in this action is PepsiCo, Inc., which is a corporation organized under the laws of North Carolina and has its corporate headquarters and principal place of business at Purchase, New York.

2. This is a civil action originally styled No. C-4401-16-A and filed in the 92nd Judicial District Court for Hidalgo County, Texas, a court encompassed by the McAllen Division of the Southern District of Texas.

3. In compliance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant in the state-court action are attached, together with an index of state court pleadings and a list of all counsel of record.

4. This Notice of Removal is filed within thirty (30) days of receipt by Defendant of the Complaint, which was filed in State District Court on September 21, 2016 and wherein Plaintiff named Defendant, a diverse party. Removal is therefore timely under 28 U.S.C. §1446(b).

---

[1] As shown by the Affidavit of Bill J. Howard , attached to this Notice as Exhibit "A," Pepsi Beverages Company is an assumed name of Bottling Group, LLC, which is a wholly-owned subsidiary of PepsiCo, Inc. Accordingly, PepsiCo, Inc. is not an assumed name for Pepsi Beverage Company, as alleged by Plaintiff.

1

5.      Defendant represents that it shall give written notice of this removal to Plaintiff, through his counsel, and shall file notice of the Notice of Removal with the Clerk of the County Court for Hidalgo County, Texas, consistent with the provisions of 28 U.S.C. §1446(d).

6.      There is diversity of citizenship among the Plaintiff and Defendant and complete diversity existed between Plaintiff and Defendant at the time the action was commenced. Plaintiff, by his pleadings, judicially admits that he is a resident and citizen of the State of Texas.  Defendant, in contrast, was at the time of the filing of the Complaint and at all other times pertinent hereto a business corporation incorporated under the laws of the State of North Carolina, with its principal place of business located at Purchase, New York, and therefore is not a citizen of Texas for diversity and removal purposes pursuant to the provisions of 28 U.S.C. §1332(c)(1).

7.      In his state court pleadings, Plaintiff failed to comply with the pleadings requirements of Texas Rule of Civil Procedure 47(c), regarding Claims for Relief. Nonetheless, the matter in controversy very clearly exceeds the minimum jurisdictional amount of $75,000 for removal to federal court on the basis of diversity. Plaintiff, in particular, seeks to recover by his lawsuit for emotional pain and suffering, mental anguish, and loss of enjoyment of life; and further for loss of back wages and benefits in the past, going all the way back to 2014, as well as loss of wages and benefits to be sustained for an indefinite period into the future; and also to recover punitive damages. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (Trial court found as "facially apparent" that the amount in controversy exceeded $75,000, based upon the Plaintiff's claimed types of damages as contained in the state court pleading.) Moreover, Plaintiff seeks to recover statutory attorney fees, "pursuant to the Texas Labor Code." Where a plaintiff seeks to recover attorney fees pursuant to statute, the amount of the fees are included in calculating the amount in controversy for purposes of diversity jurisdiction. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933); *Cupples Co. Mfrs. v. Merchants State Bank*, 390 F.2d 184 (5th Cir. 1968). Plaintiff's effort to recover statutory attorney fees further makes "facially apparent" that Plaintiff's pleadings, read as whole, seek to recover in

2

excess of $75,000.

8.    This is a civil action over which the district courts of the United States have original jurisdiction, on the basis of diversity of citizenship, and may therefore be removed to this Court, pursuant to 28 U.S.C. §§1332 and 1441.

WHEREFORE, Defendant prays that this action be removed to this Court and that this Court accept jurisdiction and henceforth place this action on the Court's docket for further proceedings.

Respectfully submitted,

_/S/ Raymond A. Cowley_
**Raymond A. Cowley**
State Bar No. 04932400
rcowley@dykema.com
1400 North McColl Road, Ste. 204
McAllen, Texas 78501
Telephone:  (956) 984-7400
Facsimile:   (956) 984-7499

**COUNSEL FOR DEFENDANT**

OF COUNSEL:

**DYKEMA COX SMITH**

### CERTIFICATE OF SERVICE

I certify that on the 18th day of October, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and served it on the following counsel of record via CM/ECF (if applicable) and/or regular mail and/or certified mail, return receipt requested:

Dennis L. Richard
Kennard Richard, PC
100 N.E. Loop 410, Ste. 610
San Antonio, Texas 78216
Dennis.richard@kennardlaw.com

_/s/ Raymond A. Cowley_
Raymond A. Cowley

3

4817-3886-6746.4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RICHARD RODRIGUEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _16-CV-602_ |
| | § | |
| PEPSI BEVERAGE COMPANY | § | |
| d/b/a PEPSICO, INC. | § | |
| Defendant | § | |

### AFFIDAVIT OF BILL J. HOWARD

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF COLLIN | § |

BEFORE ME, the undersigned authority, on this day personally appeared BILL J. HOWARD who, being known to me, on his oath deposed and said as follows:

"My name is Bill J. Howard. I am the Manager of the PepsiCo, Inc. Legal Department in Plano, Texas. I am over 21 years of age and have never been convicted of a felony or of a crime involving moral turpitude. I therefore am competent to provide this affidavit, and the facts stated herein are made on personal knowledge and are true and correct.

"PepsiCo, Inc. is a corporation organized under the laws of North Carolina and has its corporate headquarters and principal place of business in Purchase, New York. Bottling Group, L.L.C. is a Delaware limited liability company with its principal place of business in White Plains, New York. Bottling Group, L.L.C. is a wholly-owned subsidiary of PepsiCo, Inc.

"Plaintiff, Richard Rodriguez, was employed by Bottling Group, L.L.C., which does business as Pepsi Beverages Company."

Further affiant sayeth naught.

SIGNED this __11__ day of October, 2016.



EXHIBIT

A

_____
BILL J. HOWARD

SWORN TO AND SUBSCRIBED before me on this the __11__ day of October, 2016, to certify and witness my hand and seal of office.



NOTARY PUBLIC

BRENDA G. MOORE
MY COMMISSION EXPIRES
November 25, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

RICHARD RODRIGUEZ,              §
      Plaintiff,              §
                         §
v.              §      Civil Action No. _16-CV-602_
                         §
PEPSI BEVERAGE COMPANY              §
d/b/a PEPSICO, INC.              §
      Defendant              §

---

# I N D E X

---

1.    Civil Cover Sheet

2.    Defendant's Notice of Removal

3.    Plaintiff's Original Petition,  Jury Fee Demand and Citation

4.    Civil Docket Sheet - State Court

5.    List of Counsel of Record

JS 44 (Rev. 08/16)

**CIVIL COVER SHEET**

16-CV-602

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| | |
|---|---|
| **I. (a) PLAINTIFFS**<br>Richard Rodriguez | **DEFENDANTS**<br>PepsiCo, Inc. |
| **(b)** County of Residence of First Listed Plaintiff    Hidalgo County, Tx<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Westchester County, NY<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Dennis L. Richard, Kennard Richard, PC, 100 NE Loop 410, Ste. 610,<br>San Antonio, Texas 78216  (210) 314-5688 | Attorneys *(If Known)*<br>Raymond A. Cowley, Dykema Cox Smith, 1400 North McColl, Ste.<br>204, McAllen, Texas 78501  (956) 984-7400 |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government<br>    Plaintiff
- ☐ 2  U.S. Government<br>    Defendant
- ☐ 3  Federal Question<br>    *(U.S. Government Not a Party)*
- ☒ 4  Diversity<br>    *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | ☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original<br>    Proceeding
- ☒ 2 Removed from<br>    State Court
- ☐ 3 Remanded from<br>    Appellate Court
- ☐ 4 Reinstated or<br>    Reopened
- ☐ 5 Transferred from<br>    Another District<br>    *(specify)*
- ☐ 6 Multidistrict<br>    Litigation -<br>    Transfer
- ☐ 8 Multidistrict<br>    Litigation -<br>    Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. Sec. 1332(a) and (c), 28 U.S.C. Sec. 1446(a)

Brief description of cause:
Tex. Lab. Code Ann. Secs. 21.051 and 21.055

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE _____     DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 10/18/2016  Raymond A. Cowley | *Ray Cowley*  w/permission HLH |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse  (Rev. 08/16)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Electronically Filed
9/21/2016 10:50:14 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. C-4401-16-A

| | | |
|---|---|---|
| RICHARD RODRIGUEZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | ___ JUDICIAL DISTRICT |
| | § | |
| | § | |
| PEPSI BEVERAGE COMPANY | § | |
| d/b/a PEPSICO, INC. | § | |
| *Defendant.* | | |

HIDALGO COUNTY, TEXAS

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, RICHARD RODRIGUEZ, hereinafter referred to as Plaintiff or Rodriguez, complaining of and about PEPSI BEVERAGE COMPANY, d/b/a PepsiCo, Inc. hereinafter referred to as Defendant or Pepsico, and for cause of action files this his Plaintiff's Original Petition, showing to the Court as follows:

### I.
### PARTIES AND SERVICE

1.      Plaintiff, Rodriguez, is a citizen of the United States and the State of Texas and worked for Defendant in Hidalgo County, Texas.

2.      Defendant, Pepsico, is a for profit corporation headquartered in Plano, Texas. Service may be effected by sending a copy of Plaintiff's Original Petition to Chief Executive Officer, Albert P. Carey, by certified mail, return receipt requested, at 7701 Legacy Drive, Plano TX 75024.

3. This is a Level III case.

1

Electronically Filed
9/21/2016 10:50:14 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-4401-16-A

## II.
## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter and the parties to this case and all conditions precedent to the filing of this suit have been met and venue properly lies Hidalgo County, Texas.    Plaintiff has dually filed his charge of discrimination with both the Texas Workforce Commission-Civil Rights Division and the Equal Employment Opportunity Commission.    All required administrative remedies have been exhausted and all conditions precedent have been satisfied. Plaintiff further avers that this case and these charges of discrimination and retaliation have been brought in a timely manner.  This Court has jurisdiction pursuant to Section 21.054 of the Texas Labor Code.

## III.

## JURY DEMAND

5.    Plaintiff is requesting trial by jury and will tender the statutory jury fee.

## IV.
## AGENCY

6.    Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of or by Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

2

Electronically Filed
9/21/2016 10:50:14 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-4401-16-A**

## V.
## FACTS

7.     This case is founded upon Defendant's violations of Sections 21.051 and 21.055 of the Texas Labor Code.  Plaintiff worked for Pepsico from April 2, 1981, until December 22, 2014, when he was wrongfully terminated.  At the time of his termination, Rodriguez was 54 years of age and a member of the protected age group.  During his 33 plus years with Pepsico, Plaintiff served with distinction as a Sales Representative in Brownsville, San Benito and Harlingen, Texas areas.  Rodriguez would visit as many as 17 stores each day and since mid 2012 his supervisor was Hector Martinez.

8.     On January 28, 2014, Plaintiff received written counseling for allegedly failing to follow a four-week rotation method regarding out of date product.  In truth and in fact, Rodriguez was being set up for failure.  Much of the product being delivered to the stores was already facing issues about being out of date when delivered.  In mid-September 2014, my supervisor questioned why I did not accept an assignment like the one assumed by an older Pepsico employee, referred to as my "El Compadre".  Plaintiff was told that the position would be easier on him.  On November 2, 2014, Rodriguez was publically questioned about the orders he was submitting at a "town meeting".  Martinez was placing Plaintiff under a microscope and trying to find fault with his performance at every turn.  On November 6, 2014, Plaintiff was suspended for 3 days while being investigated for alleged data misrepresentation.  Rodriguez performed his job just like the other Sales Representatives who were younger than him.  Alex Franco, a Human Resources representative was conducting the

3

C-4401-16-A

Electronically Filed
9/21/2016 10:50:14 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

investigation. Franco appeared to do little in the way of investigation. His primary focus was asking Rodriguez about considering early retirement. On November 17, 2014, Plaintiff was presented with an Employee Transition Agreement and Release and told "not to worry about the investigation". Plaintiff was told he had 21 days to consider the document and then the next day he was advised that if he did not sign the Employee Transition Agreement and Release he would be fired. The agreement required Plaintiff to forfeit any claim that he might have for age discrimination and retaliation for opposing age discrimination so Rodriguez refused to sign. Franco reversed his position about the number of days that Plaintiff had to review the document. Plaintiff advised Franco that he needed to get legal advice. When Plaintiff failed to sign the Agreement and Release, he was terminated on December 22, 2014. The conduct of Pepsico was a devastating blow to Plaintiffs Christmas in 2014.

## VI.
## DAMAGES

9.      By reason of Defendant's acts and conduct, as herein alleged, Plaintiff has been damaged as follows:

      a.)      Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages) allowed under the Texas Labor Code.

      b.)      Economic damages in the form of lost back pay and lost fringe benefits in the past. Economic damages, in the form of lost wages and fringe benefits that will, in reasonable probability, be sustained in the future.

      c.)      Attorney's fees pursuant to the Texas Labor Code.

      d.)      Punitive damages for the intentional age discrimination   and reckless indifference to the state protected rights of Richard Rodriguez

**C-4401-16-A**

Electronically Filed
9/21/2016 10:50:14 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial of this cause, Plaintiff has and recovers of and from the Defendant actual damages and punitive damages in a sum within the jurisdictional limits of this Court, pre-and post-judgment interest as allowed by law, attorney's fees, costs of Court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

Dennis L. Richard
Texas Bar No. 16842600
100 N.E. Loop 410, Suite 610
San Antonio, Texas 78216
Main: (210) 314-5688
Fax: (210) 314-5687
Dennis.richard@kennardlaw.com

5

Electronically Filed
9/21/2016 4:31:39 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia



September 21, 2016

LANELL HOWARD
CASE MANAGER
LANELL.HOWARD@KENNARDLAW.COM

*Via E-File*
Laura Hinojosa, Hidalgo County District Clerk
100 N. Closner
P.O. Box 87
Edinburg, TX 78539

      Re:    Cause No. C-4401-16-A; Richard Rodriguez v. Pepsi Beverage Company d/b/a
              Pepsico, Inc.; In the 92nd Judicial District Court, Hidalgo County

Dear Madame:

      In filing the Original Petition in this matter, I inadvertently omitted the Jury Fee. This
will serve as a request to add the Jury Fee in the amount of $40.00 in the above referenced
matter.

      Should you have any questions, please do not hesitate to contact our office.

                          Very truly yours,



                          /s/ *Lanell Howard*
                          Lanell Howard

/lh



HOUSTON  /  AUSTIN  /  SAN ANTONIO  /  EL PASO  /  RIO GRANDE VALLEY  -  WASHINGTON D.C

2603 Augusta Drive, 14th Floor, Houston, Texas 77057    P 713.742.0900    F 713.742.9951    TF 855.KENNLAW

WWW.KENNARDLAW.COM

Electronically Filed
4/27/2016 10:11:49 AM
Hidalgo County District Clerk
Reviewed By: Monica Valdez

# LAURA HINOJOSA

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents that need to be served as stated on your issued service.

Please note, the link you are about to open is a "live link" notification.  Please ensure you are printing the service which includes our clerk's signature and the State Seal.  If you are opening a document without the official certifications (signature and seal) please close the window until the document is processed accordingly.  This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you.  Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*

Laura Hinojosa
Hidalgo County District Clerk

| Nilda VanHook | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Oneida Lomas | Stephanie Palacios | Aida Villarreal |
|---|---|---|---|---|---|---|
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | DEPUTY DISTRICT CLERK SUPERVISOR | BUDGET & PROCUREMENT OFFICER | CHIEF OF APPEALS |

## C-4401-16-A
## 92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### THE STATE TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**PEPSI BEVERAGE COMPANY d/b/a PEPSICO, INC.**
**BY SERVING CHIEF EXECUTIVE OFFICE, ALBERT P. CAREY**
**7701 LEGACY DRIVE**
**PLANO TX 75024**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 92nd District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 21st day of September, 2016 and a copy of same accompanies this citation. The file number and style of said suit being, **C-4401-16-A, RICHARD RODRIGUEZ VS. PEPSI BEVERAGE COMPANY D/B/A PEPSICO, INC.**

Said Petition was filed in said court by Attorney Dennis L. Richard, 85 N.E. Loop 410, Suite 603, San Antonio, Texas 78216.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 27th day of September, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____

**MONICA VALDEZ DEPUTY CLERK**

CERTIFIED MAIL  9214 8901 0661 5400 0093 0331 72

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 27th day of September, 2016 I, Monica Valdez, Deputy Clerk of the 92nd District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-4401-16-A, RICHARD RODRIGUEZ VS. PEPSI BEVERAGE COMPANY d/b/a PEPSICO, INC. a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the _____ day of _____, 201____ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT,** at office in Edinburg, Texas on this the 27th day of September, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**MONICA VALDEZ, DEPUTY CLERK**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____ ,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**





LAURA HINOJOSA
HIDALGO COUNTY DISTRICT CLERKS
PO BOX 87
EDINBURG, TX 78540-0087

9214 8901 0661 5400 0093 0331 72

**RETURN RECEIPT (ELECTRONIC)**

C-4401-16-A

PEPSI BEVERAGE COMPANY D/B/A PEPSICO
CHIEF EXECUTIVE OFFICE, ALBERT P. CAREY
7701 LEGACY DRIVE
PLANO, TX  75024

RETURN SERVICE
REQUESTED

................................................................
CUT - FOLD HERE

................................................................
6"x9" ENVELOPE
CUT - FOLD HERE

................................................................
CUT - FOLD HERE

IMpbCertified8x5Label v2016.07.27.03

ConfirmDelivery.com                                                                        Page 1 of 1

## Mail Piece Details                                                           Prii

### Recipient Address

PEPSI BEVERAGE COMPANY D/B/A PEPSICO
CHIEF EXECUTIVE OFFICE, ALBERT P. CAREY
7701 LEGACY DRIVE
PLANO, TX 75024

*Record / Case Number:*
C-4401-16-A

### Return Address

LAURA HINOJOSA
HIDALGO COUNTY DISTRICT CLERKS
PO BOX 87
EDINBURG, TX 78540-0087

### Mail Piece Information

Tracking Number: 9214890106615400009303172
Date Created: 09/27/2016 11:36:16 AM
Mail Class: USPS First Class Mail
Special Services: Certified Mail
                  Return Receipt Electronic
Memo: --
Created By: Monica Valdez - Hidalgo County Distric

### Tracking Information

Mailed, September 27, 2016, 11:36:16 AM, EDINBURG,TX 78540

Adobe is a registered trademark of Adobe Systems Incorporated in the United States and/or other countries.
For the latest version of Adobe® Reader® click here.

# REGISTER OF ACTIONS
## CASE NO. C-4401-16-A

| | |
|---|---|
| RICHARD RODRIGUEZ VS. PEPSI BEVERAGE COMPANY d/b/a PEPSICO, INC. | § § § § § |

Case Type:  **All Other Civil Cases (OCA)**
Date Filed:  **09/21/2016**
Location:  **92nd District Court**

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | PEPSI BEVERAGE COMPANY d/b/a PEPSICO, INC. | |
| Plaintiff | RODRIGUEZ, RICHARD | Dennis L. Richard *Retained* 210-314-5688(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 09/21/2016 | Original Petition (OCA) |
| | *Petition* |
| 09/21/2016 | Request |
| | *JURY DEMAND* |
| 09/27/2016 | Citation By Certified Mail |
| | PEPSI BEVERAGE COMPANY d/b/a PEPSICO, INC.      Unserved |
| 09/27/2016 | Service Issued |
| | *PEPSI BEVERAGE CO.* |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff RODRIGUEZ, RICHARD** | | | |
| | Total Financial Assessment | | | 435.00 |
| | Total Payments and Credits | | | 435.00 |
| | **Balance Due as of 10/12/2016** | | | **0.00** |
| 09/21/2016 | Transaction Assessment | | | 393.00 |
| 09/21/2016 | EFile Payments from TexFile | Receipt # DC-2016-072535 | RODRIGUEZ, RICHARD | (393.00) |
| 09/21/2016 | Transaction Assessment | | | 42.00 |
| 09/21/2016 | EFile Payments from TexFile | Receipt # DC-2016-072767 | RODRIGUEZ, RICHARD | (42.00) |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

RICHARD RODRIGUEZ,                    §
     Plaintiff,                         §
                               §
                               §
v.                                    §          Civil Action No. *16-CV-602*
                               §
PEPSI BEVERAGE COMPANY                 §
d/b/a PEPSICO, INC.                    §
     Defendant                          §

## LIST OF COUNSEL OF RECORD

### Counsel For Plaintiff

Dennis L. Richard (Tx. 16842600)
Kennard Richard, PC
100 N.E. Loop 410, Ste. 610
San Antonio, Texas 78216
Dennis.richard@kennardlaw.com
Telephone: (210) 314-5688
Facsimile: (210) 314-5687

### Counsel For Defendant

Raymond A. Cowley
Dykema Cox Smith
1400 N. McColl Road, Ste. 204
McAllen, Texas 78501
rcowley@dykema.com
Telephone:  (956) 984-7400
Facsimile:   (956) 984-7401

5228124.1

CAUSE NO. C-4401-16-A

| | | |
|---|---|---|
| RICHARD RODRIGUEZ,<br>    Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 92ND JUDICIAL DISTRICT |
| PEPSI BEVERAGE COMPANY<br>d/b/a PEPSICO, INC.<br>    Defendant | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |

## NOTICE OF FILING OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that Defendant has filed a Notice of Removal in the United States District Court, Southern District of Texas, McAllen Division.  A copy of this Notice, the Notice of Removal and attachments thereto are being filed with the Clerk of the County Court of Hidalgo County, Texas and served on all counsel of record.

Respectfully submitted,

**DYKEMA COX SMITH**
1400 N. McColl Road, Suite 204
McAllen, Texas 78501
Telephone: (956) 984-7400
Facsimile: (956) 984-7499


    _/s/Raymond A. Cowley_
Raymond A. Cowley
State Bar No.: 04932400
rcowley@dykema.com


ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that on the 18th day of October, 2016, I electronically filed the foregoing document with the Clerk of the Court using the eFileTexas system, and served it on the following counsel of record via eFileTexas system (if applicable) and/or regular mail and/or certified mail, return receipt requested:

Dennis L. Richard (Tx. 16842600)
Kennard Richard, PC
100 N.E. Loop 410, Ste. 610
San Antonio, Texas 78216
Dennis.richard@kennardlaw.com

_/s/Raymond A. Cowley_
Raymond A. Cowley